THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM LAROCK, Appellant.

County Court, Monroe County, August 6, 1940.

*Rubin Brodsky*, for the appellant.

*Daniel J. O'Mara, District Attorney* [*John C. Little, Jr.*, of counsel], for the respondent.

KOHLMETZ, J. The information on which the defendant was tried alleges in substance that the defendant, while operating a motor vehicle upon a public street, knowing that damage had been caused due to his culpability or to accident, left the place where the damage occurred without stopping, exhibiting his license and giving his name, residence and license number to the parties sustaining the damage or to a police officer, or reporting the same as soon as physically able to the nearest police station or judicial officer, in violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law of the State of New York.

It appears that there are two subdivisions of section 70 of the Vehicle and Traffic Law, each of which is numbered 5-a. Both of these subdivisions were amended by the Legislature in 1937, one (amd. by chap. 200) becoming effective April 15, 1937, and the other (amd. by chap. 462) May 21, 1937. For convenience, we will designate the one becoming effective in April, 1937, as the first amendment, and the other the second amendment. While the wording in some particulars is different in these two amendments, the provisions are practically the same. The main difference between the two is that the first amendment requires the motorist to report to the nearest police station or judicial officer *as soon as physically able*, while the second amendment is silent as to the time when the motorist should report to the police station. It has been held by the City Court of Rochester that in view of the fact that no time is mentioned in the second amendment, the motorist should be required to report within a reasonable time. In that interpretation I concur.

Before the trial started, counsel for the defendant requested that the district attorney inform the defendant under which one of the two amendments referred to above the defendant was being prosecuted. The assistant district attorney replied as follows: " It is the contention of the People, the last act of the Legislature is presumed to be the Statute and so naturally, we are proceeding under the last amendment." Counsel for the defendant then asked that the complaint be dismissed on the ground that in view of the fact that the information alleges that the defendant failed to report as soon as physically able, the information is drawn under the first amendment and argued that the defendant cannot be legally tried on a charge based on the second amendment. The court ruled against him and directed that the trial proceed under the second amendment. In my opinion the court was correct in its ruling.

It is evident that when the Legislature enacted the second amendment it intended to replace the first amendment with the second. It is apparent that the reason for the enactment of the

second was to eliminate from the first amendment the limited time for reporting an accident and substituting in its place the more liberal provision of reporting " within a reasonable time." At any rate, the second amendment is the last utterance of the Legislature on the subject of leaving an accident without reporting, and to say that it was the intention of the Legislature that their last word should be the law is the only sensible view that one can take of the situation. On the hearing of the appeal, counsel for the defendant argued that there are two separate and distinct laws under which one may be prosecuted for leaving the scene of an accident without reporting, in one of which the report must be made " as soon as physically able," and in the other " within a reasonable time." I cannot concur in this contention. I do not believe that the Legislature ever intended to provide two separate laws covering the offense of leaving the scene of an accident without reporting. The defendant was properly tried on a charge of violating the second amendment. The use of the words " as soon as physically able " in the information did not affect the legality of the procedure in the City Court. They are merely surplusage and the substantial rights of the defendant were not affected in any way by their use. The defendant knew that he was being tried on the charge of leaving the scene of an accident without reporting. It was to his benefit to be tried under the second amendment rather than the first, because it was fairer to him to be required to report " within a reasonable time " after the accident, rather than " as soon as physically able." Substantial justice was done in this case, and the judgment of the City Court should not be disturbed.

The defendant also complains of the decision of the lower court by which it is held that for a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law, the license of the offender must be revoked. He contended that the defendant was entitled to the benefit of the provisions of subdivision 3 of section 71 which he claimed makes the suspension or revocation of a license in his case permissive, not mandatory. After carefully reading both subdivisions 2 and 3 of section 71 of the Vehicle and Traffic Law, I am convinced that subdivision 2 applies in this case, and that the ruling of the lower court was correct. It will be observed that subdivision 2 provides that where there is a *conviction* of violating subdivision 5-a of section 70, the revocation of the license is mandatory. On the other hand, subdivision 3 provides for cases where there has been a *violation* of subdivision 5-a of section 70, but not necessarily a conviction. Counsel has cited the case of *People* v. *Allison* (16 N. Y. Supp. [2d] 571), in which former Judge TOMPKINS wrote a very comprehensive opinion in support of his claim that subdivision

3 should be applied to this case. I cannot concur with the opinion in that case. I believe that when an offender is convicted of violating subdivision 5-a of section 70 of the Vehicle and Traffic Law, the revocation of his license is mandatory pursuant to subdivision 2 of section 71.

The judgment of conviction of the City Court of Rochester, Criminal Branch, is affirmed.